Nicholson, C. J.,
delivered the opinion of the court.
This is an application to allow the defendants in the case to file the record as a- writ of error, and to supersede the appointment of an administrator pendente lite in the case in the Circuit Court of Madison County, involving the validity of the paper offered as the will of Samuel McClanahan. The county court, upon the making up of the issue of devisavit vel non, appointed Laura V. McClanahan as administratrix pen-dente lite. The appointment was opposed, but without *380 success, when an appeal was prayed and granted, to the circuit court. At its September term, . 1873, the ap- . peal was dismissed, and thereupon the defendants prayed an appeal to this court, which was refused.
The question involved in the present application is, whether the appointment of an administrator pendente lite by the county court can be appealed from.
The act of 1794, ch. 1, sec 4 gives the right of appeal to the circuit court to any person who. claims a right to administer, thinking himself aggrieved by the order of the county court for letters testamentary or of administration. This act is the same in substance, and almost in language, with the act of 1777, ch. 115, sec. 57, which was construed by the Supreme Court of North Carolina in the case of Pratt v. Kittrel, 4 Dev. L. R., 168. In that, Chief Justice Ruffin held that the right of appeal was intended to be secured in cases of general administrations only, and not of special administrations pendente lite. He said:—
“The inconveniences of extending the act to such administrations are so great and obvious as of themselves to furnish strong grounds for a contrary exposition. An administration pendente lite is' temporary.
“The object of it is, not to administer the estate, but to'preserve it until it can be judicially determined who has the right to administer it. Such a power must exist, somewhere, and would seem to attach naturally to the jurisdiction where the principal litigation is pending. Wherever it is, its efficiency depends upon its exercise being above the reach of opposition, in the sense of annulling the order, which is the *381 effect of an appeal in our law. It is vain to possess the power if the mere will of another can entirely defeat its operation, and leave the property exposed to destruction, and creditors to be delayed. For if one order can be appealed from, and the court in consequence proceed to make a second, that again becomes the subject of appeal, so on ad infinitum,, thus making it impossible to secure the property, and rendering the power of committing such an administration futile. In such a case, the suspension of the authority is its destruction.”
We think this reasoning conclusive as to the proper construction of the statute. We are therefore constrained to refuse the application for writs' of error and supersedeas.